**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ITALIA REGIUS,**

          **Plaintiff,**

**-vs-**                                                                                          Case No.  6:14-cv-1252-Orl-41DAB

**STARMAX FINANCE, INC.,**

          **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 13)**
>
> **FILED:** February 16, 2015
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

Plaintiff, having obtained entry of a Clerk's default (Doc. 10), now moves for default judgment of monetary damages against Defendant Starmax Finance, in this action brought under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and its implementing Regulation Z, 12 C.F.R. Part 226 (collectively "TILA").  The motion is supported by the Declaration of Plaintiff's counsel, Alex D. Weisberg (Doc. 13-1), and a proposed Order has been tendered (Doc. 13-2).  No response to the motion has been filed.

**I. Legal Standard**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, *5 (M.D. Fla. November 24, 2009).

Once liability is established, the Court turns to the terms of the judgment. Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in

amount, what is demanded in the pleadings." If unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise. Fed.R.Civ.P. 55(b)(1)-(2). Pursuant to Rule 55(b)(2), the Court "may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to: A) conduct an accounting; B) determine the amount of damages; C) establish the truth of any allegation by evidence; or D) investigate any other matter." Thus, in order to enter a default judgment, the Court must find that an adequate showing has been made as to liability and the kind or amount of damages or other relief.

**II. The Allegations of the Complaint**

By virtue of the default, Defendant has admitted the following pertinent well-pled allegations of the Complaint (Doc. 1):

Defendant is a Florida corporation engaged in the business of selling and financing motor vehicles. Defendant, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable. Defendant is a creditor within the meaning of the Truth in Lending Act, 15 U.S.C. § 1602(g) and Regulation Z, 12 C.F.R. 226.2(17) (Allegations 5-7).

On or about August 16, 2013, Plaintiff visited Defendant's dealership to shop for an automobile to be used for personal, family or household purposes. Plaintiff selected a 2004 Ford Freestar (the "Vehicle") and agreed to purchase the Vehicle from Defendant for a total sale price, including taxes and fees and other charges, in the amount of $13,186.45. In connection with the purchase of the Vehicle, Plaintiff executed a retail installment sales contract (the "Contract") with Defendant, dated August 16, 2013. The TILA Disclosure provided to Plaintiff on the Contract disclosed an Annual Percentage Rate of 24.00%, a Finance Charge amount of $3,014.36, a Total

Financed amount of $7,672.09, and a total of payments of $10,686.45. The TILA Disclosure further included a payment schedule listing four pickup payments of $250.00, 67 bi-weekly payments of $160.00, and one final payment of $126.56 (Allegations 8-12).

When the annual percentage rate is calculated, the Contract understates the annual percentage rate by 0.7259%. Based on the disclosed schedule of payments, even without taking the pickup payments into consideration, the Contract understates the total of payments by $160.00. Further, under the TILA, when pick-up payments are disclosed in the Schedule of Payments, as they are here, they must also be included in the Total of Payments. Therefore, when calculated, the Contract understates the Total of Payments by a total of $1,160.00 (Allegations 13-16).

Plaintiff sues for violation of 15 U.S.C. § 1638(a)(4), contending that Defendant violated 15 U.S.C. § 1638(a)(4) when it failed to accurately disclose the finance charge expressed as an annual percentage rate to Plaintiff (Count One). Plaintiff seeks judgment, as follows:

> a) Adjudging that Defendant violated 15 U.S.C. § 1638(a)(4) and Regulation Z, 12 C.F.R. 226.18(e);
>
> b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of twice the finance charge;
>
> c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1640(a)(l);
>
> d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);
>
> e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
>
> f) Awarding such other and further relief as the Court may deem just and proper.

Plaintiff also sues for violation of 15 U.S.C. § 1638(a)(5), contending that Defendant violated this provision when it failed to accurately disclose the total of payments to Plaintiff. Plaintiff seeks judgment for this count, as follows:

> a) Adjudging that Defendant violated 15 U.S.C. § 1638(a)(5) and Regulation Z, 12 C.F.R. 226.18(e);

      b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1640(a)(2), in the amount of twice the finance charge;

      c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1640(a)(l);

      d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1640(a)(3);

      e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

      f) Awarding such other and further relief as the Court may deem just and proper.

**III. Analysis**

The well-pled factual allegations support a finding that Defendant violated TILA, as alleged. Pursuant to TILA, a prevailing plaintiff is entitled to statutory damages in the amount of twice the finance charge, reasonable attorney fees and court costs. 15 U.S.C. § 1640(a). Although violation of TILA is established by the default and entitlement to damages is pled, the amount of damages is not set forth in the Complaint and must be proved here. In her motion papers, Plaintiff seeks entry of judgment in the total amount of $9,968.72, representing: $6,028.72 in statutory damages; $3,500.00 in attorneys' fees; and $440.00 in court costs. The Court addresses each, in turn.

Damages under TILA are fixed by statute: "in the case of an individual action twice the amount of any finance charge in connection with the transaction." 15 U.S.C. § 1640(a)(2)(A)(i). Here, the finance charge is $3,014.36. (Doc. 1 at ¶11; Doc. 1-1). Therefore, the Court finds that Plaintiff is entitled to statutory damages in the amount of $6,028.72.[1]

As for attorney's fees, as acknowledged by Plaintiff, a successful plaintiff is entitled to an award of *reasonable* attorney's fees.[2] In TILA cases, "[t]he amount of the fee should be set in

---

[1] Although Plaintiff includes a request for actual damages in her prayer for relief, the only damages sought in the instant motion are statutory.

[2] Title 15 U.S.C. §1640(3) provides: "in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court."

Case 6:14-cv-01252-CEM-DAB Document 15 Filed 03/12/15 Page 6 of 8 PageID 56

accordance with the same principles that would govern the assessment of fees in general." *McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d 73, 77 (5th Cir. 1977), *citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Courts in the Eleventh Circuit apply the "lodestar" method for calculating attorneys' fees, multiplying a reasonable hourly rate by a reasonable number of hours expended. *See Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (*citing Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)).

In determining what is a reasonable, this Court is mindful of the factors identified in *Johnson v. Georgia Highway Exp.*, *Inc.*, *supra*,[3] namely: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman,* 836 F. 2d at 1303. An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel

---

[3]*Johnson* was overruled on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Upon review, the Court cannot find the amount sought here to be reasonable.

Plaintiff's counsel declares that a fee of $3,500.00 represents fees "actually incurred in the prosecution of this action." These fees were "reasonable and necessary based upon the amount and substantive nature of the rights at issue in this lawsuit, the quality of the firm performing the legal work, the character and difficulty of the work to be done, the work actually performed by the law firm on behalf of Plaintiff, and the results obtained by the firm in representing Plaintiff, as well as those elements which courts find appropriate in awarding attorneys' fees." (Doc. 13-1). This Court is not persuaded by this showing.

Although counsel avers that "each attorney or paralegal that works on a file enters their time spent with a brief but reasonably detailed description of the task performed into our firm's computer database, Amicus Attorney, in the ordinary course of business contemporaneously with the task being performed," counsel did not favor the Court with this billing log. Indeed, counsel did not summarize the time spent, identify the lawyers or paralegals expending the time, or set forth the rates charged by these professionals. Absent any showing as to the actual amount of hours spent and rates charged, as well as the qualifications of the professionals, the Court cannot calculate the lodestar. Plaintiff has not provided a basis to find the $3,500.00 fee claimed to be reasonable.

As Plaintiff has not met her burden of documenting appropriate hours and presenting sufficient credible evidence of the *Johnson* factors, the Court is left to its own experience to fashion an appropriate award.[4] Calculating the lodestar, the Court finds this to be a simple, uncontested TILA action, prosecuted to default judgment. The Complaint raises no novel or significant issues and the

---

[4]While the Court considered recommending no award for fees on this showing, case law emphasizes a successful plaintiff's entitlement to an award of attorney's fees. *See Harris v. Schonbrun*, 773 F.3d 1180, 1185 (11th Cir. 2014) ("An award of statutory damages, attorney's fees, and costs is mandatory. . .").

matter appears to be straightforward and routine. The amount involved is relatively minimal and it does not appear that any specialized skills were required to draft this simple complaint and move for entry of default. Considering this, as well as the quality of the work filed with the Court, the lack of any evidence that acceptance of this case precluded counsel from other employment, the amount involved and the results obtained, the Court finds that no more than $200 an hour is an appropriate rate. As such, the Court calculates the lodestar as 10 hours times $200 an hour, for a reasonable fee of no more than $2,000.00.

Plaintiff is entitled to recover the filing fee and service costs, claimed to total $440.00.

**Conclusion**

For the reasons set forth above, it is **respectfully recommended** that the motion be **granted**, in part, and that judgment in the total amount of $8,468.72 be entered in Plaintiff's favor.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 12, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy